**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OPINIONLAB, INC. | Civil Action No. |
| Plaintiff, | |
| | Judge: |
| v. | |
| LODSYS, LLC | Magistrate Judge: |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

Plaintiff OpinionLab, Inc. ("OpinionLab") hereby alleges the following Complaint against Defendant LodSys, LLC ("Defendant") as follows:

## I. NATURE OF THE ACTION

1.      This is an action for declaratory relief that: (a) the OpinionLab Online User Feedback Technology (as defined herein) does not infringe any valid claim of United States Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent") or 7,620,565 ("the '565 patent") (collectively, the "Patents-in-Suit"); and (b) the claims of each of the Patents-In-Suit are invalid and unenforceable.  This is also an action for injunctive relief against LodSys that it be permanently restrained and enjoined from making any further allegations that OpinionLab and its clients and customers are infringing any of the claims of the Patents-In-Suit.  This is also an action for damages against LodSys because its intentional, unfounded, and repeated allegations of infringement have the tendency to cause, and have caused, confusion, mistake, and deception in the marketplace and have inflicted harm to the goodwill, reputation, and business interests of OpinionLab in the business community in this judicial district and beyond.

2.      A true and correct copy of the '908 patent is attached hereto as Exhibit A.  LodSys is the assignee of this patent.

3.      A true and correct copy of the '834 patent is attached hereto as Exhibit B.  LodSys is the assignee of this patent.

4.      A true and correct copy of the '078 patent is attached hereto as Exhibit C.  LodSys is the assignee of this patent.

5.      A true and correct copy of the '565 patent is attached hereto as Exhibit D.  LodSys is the assignee of this patent.

## II.  PARTIES, JURISDICTION & VENUE

### A.  OpinionLab

6.      OpinionLab, Inc. ("OpinionLab") is a Delaware Corporation with its principal place of business in this judicial district located at 600 Central Ave, Suite 265, Highland Park, Illinois. OpinionLab is duly registered to conduct business within this state.  OpinionLab is an industry leading provider of online user feedback and web page analytics solutions that allow OpinionLab's customers to analyze data collected from consumers regarding their online experiences with respect to web pages and other aspects of the customer's website (the "Online User Feedback Technology").   OpinionLab has been operating for over a decade in this technological space and offers and licenses its Online User Feedback Technology to several companies located within this judicial district.

7.      OpinionLab's licenses its Online User Feedback Technology to a variety of businesses in this judicial district and beyond.  OpinionLab's Online User Feedback Technology has been the subject of numerous awards, noted industry recognitions, and positive commentary by third parties and clients alike.  OpinionLab has been awarded numerous United States Patents and

foreign patents protecting its innovative and valuable Online User Feedback Technology. Many of OpinionLab's licensees are Fortune 500 companies with extensive business operations throughout the world. OpinionLab maintains extensive business operations in this judicial district and the vast majority of its employees -- over 30 individuals -- work in this judicial district. All of the inventors of OpinionLab's Online User Feedback Technology also reside in this judicial district.

## B. **LodSys**

8.     LodSys, LLC is a limited liability company organized under the laws of the State of Texas. LodSys, LLC is wholly owned by LodSys Holdings, LLC, a limited liability company organized under the laws of the State of Delaware. LodSys purports to maintain a business located as 505 East Travis Street, Suite 207, Marshall, Texas, 75670. On information and belief, LodSys holds itself out as having a single employee, its CEO Mark Small. On information and belief, LodSys neither manufactures nor sells any products of any kind. Further, LodSys does not offer any services of any kind. Rather, LodSys' sole reason for existence is to extract "licensing fees" from purported "infringers" of the Patents-In-Suit. According to Mark Small's "Linked In" profile, he resides in the "Greater Chicago Area." Further, on information and belief, Mr. Small holds himself out as conducting business on behalf of LodSys in this judicial district directly related to the Patents-In-Suit in that he is soliciting licensing fees and revenues in this judicial district. Accordingly, LodSys has purposely availed itself of the laws of the State of Illinois and it is reasonably anticipated and expected that it would be haled into court in this judicial district. Finally, as detailed herein, LodSys has engaged in conduct that was calculated to negatively affect OpinionLab and to disrupt its business operations in this judicial district.

## C. **Jurisdiction**

9.     This Complaint arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1, *et seq*., the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Federal Lanham Act, 15 U.S.C. § 1051 *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and 15 U.S.C. § 1121(a).  This Court has jurisdiction over LodSys for the reasons detailed above and herein.

10.    This action was filed to resolve an actual and justiciable case in controversy between the parties that is sufficiently concrete and definite.  Defendant's conduct has placed, and continues to place, OpinionLab under a reasonable and serious apprehension of imminent suit alleging that use of OpinionLab Online User Feedback Technology infringes the Patents-In-Suit.  As set forth below, there is a conflict of asserted rights among the parties and an actual controversy exists between OpinionLab and Lodsys with respect to the infringement, validity, and scope of the Patents-In-Suit.  Accordingly, this Court has subject matter jurisdiction to adjudicate the present dispute and to decide the legal rights and remedies of the parties.

**D.  Venue**

11.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

### III. FACTUAL AVERMENTS IN SUPPORT OF DECLARATORY, INJUNCTIVE, & MONETARY RELIEF

12.    OpinionLab realleges and incorporates herein by reference each allegation and factual averment contained in paragraphs 1-11.

13.    LodSys is the recent assignee of the Patents-In-Suit.  The Patents-In-Suit are set to expire on August 6, 2012.  On information and belief, because LodSys seeks to maximize its investment in the purchase of these patents and due to their imminent expiration, LodSys has engaged in a calculated, widespread, and improper course of conduct in attempting to extract as much revenue as possible from purported "infringers," even though LodSys could not possibly believe, in good

faith, that the allegations of infringement were proper or justified.

14.      Through communications and other conduct that was specifically engaged in by LodSys to negatively affect the goodwill, reputation, and business interests of OpinionLab, Lodsys has in bad faith repeatedly threatened assertion of the Patents-In-Suit against customers of OpinionLab because of their uses of the OpinionLab Online User Feedback Technology, even though those uses could not reasonably and in good faith be said to infringe any of the Patents-In-Suit.

15.      By way of example, on or about March 22, 2011, Lodsys sent a demand letter to one of OpinionLab's customers alleging "infringement" of all of the Patents-in-Suit and specifically that it was "infringing at least claim 1 of US 7,620,565 and claim 1 of US 7,222,078 as it relates to your product's provision of online help, customer, or technical support of On-line Chat Help and similar products."  In another letter dated April 13, 2011, LodSys accused another customer of OpinionLab of infringing "claim 37 of the '908 patent."  Yet again on May 13, 2011, LodSys accused another customer of OpinionLab of "infringement" of "U.S. Patent Nos. 5,999,908 7,133,834 7,222,078 and 7,620,565."

16.      On approximately May 23, 2011, counsel for OpinionLab contacted LodSys and explained in detail why the infringement allegations against OpinionLab's customers were "without merit."  LodSys has so far refused to respond or provide any explanation whatsoever as to how LodSys can continue to make its improper and unfounded allegations of infringement against OpinionLab's customers.   Instead, it has continued with its spurious and improper allegations of infringement against OpinionLab's customers.

17.      Upon information and belief, LodSys's actions, including its allegations of patent infringement by OpinionLab's customers, has caused at least one potential investor to reconsider an investment in OpinionLab.

18.     Recently, two of OpinionLab's customers were sued for patent infringement by LodSys in the United States District Court for the Eastern District of Texas, where the customers' alleged infringement is based on use of OpinionLab's Online User Feedback Technology.  *See* LodSys, LLC v. Adidas America Inc., *et al.*, Case No. 2:11-cv-00283 (E.D. Tex.).

## IV.  CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

*Declaratory Judgment of Non-infringement of the '908 patent*

19.     OpinionLab realleges and incorporates herein by reference each allegation and factual averment contained in paragraphs 1-18.

20.     Based on the above-stated conduct, OpinionLab is informed and believes, and on that basis alleges, that Lodsys contends that use of the OpinionLab Online User Feedback Technology infringes one or more claims of the '908 patent.  Accordingly, an actual case in controversy exists that is sufficiently immediate, concrete, and definite between OpinionLab and the Lodsys as to whether OpinionLab and its customers have infringed, or are infringing, the '908 patent; have contributed to infringement, or are contributing to infringement of the '908 patent; and have induced infringement, or are inducing infringement of the '908 patent.

21.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, OpinionLab is entitled to a declaration, in the form of a judgment, that by their activities OpinionLab and its customers have not infringed and are not infringing any valid and enforceable claim of the '908 patent; have not contributed to infringement and are not contributing to infringement of any valid and enforceable claim of the '908 patent; and have not induced infringement and are not inducing infringement of any valid and enforceable claim of the '908 patent.  Such a determination and declaration is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF

*Declaratory Judgment of Non-infringement of the '834 patent*

22.     OpinionLab realleges and incorporates herein by reference each allegation and factual averment contained in paragraphs 1-21.

23.     Based on the above-detailed conduct, OpinionLab is informed and believes, and on that basis alleges, that Lodsys contends that use of the OpinionLab Online User Feedback Technology infringes one or more claims of the '834 patent.  Accordingly, an actual case in controversy exists that is sufficiently immediate, concrete, and definite between OpinionLab and Lodsys as to whether OpinionLab and its customers have infringed, or are infringing the '834 patent; have contributed to infringement, or are contributing to infringement of the '834 patent; and have induced infringement, or are inducing infringement of the '834 patent.

24.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., OpinionLab is entitled to a declaration, in the form of a judgment, that by their activities OpinionLab and its customers have not infringed and are not infringing any valid and enforceable claim of the '834 patent; have not contributed to infringement and are not contributing to infringement of any valid and enforceable claim of the '834 patent; and have not induced infringement and are not inducing infringement of any valid and enforceable claim of the '834 patent.  Such a determination and declaration is necessary and appropriate at this time.

## THIRD CLAIM FOR RELIEF

*Declaratory Judgment of Non-infringement of the '078 patent*

25.     OpinionLab realleges and incorporates herein by reference each allegation and factual averment contained in paragraphs 1-24.

26.     Based on the above-stated conduct, OpinionLab is informed and believes, and on that

basis avers, that Lodsys contends that use of the OpinionLab Online User Feedback Technology infringes one or more claims of the '078 patent. Accordingly, an actual case in controversy exists that is sufficiently immediate, concrete, and definite between OpinionLab and LodSys as to whether OpinionLab and its customer have infringed, or are infringing the '078 patent; have contributed to infringement, or are contributing to infringement of the '078 patent; and have induced infringement, or are inducing infringement of the '078 patent.

27.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., OpinionLab is entitled to a declaration, in the form of a judgment, that by their activities OpinionLab and its customers have not infringed and are not infringing any valid and enforceable claim of the '078 patent; have not contributed to infringement and are not contributing to infringement of any valid and enforceable claim of the '078 patent; and/or have not induced infringement and are not inducing infringement of any valid and enforceable claim of the '078 patent. Such a determination and declaration is necessary and appropriate at this time.

**FOURTH CLAIM FOR RELIEF**

*Declaratory Judgment of Non-infringement of the '565 patent*

28.     OpinionLab realleges and incorporates herein by reference each allegation and factual averment contained in paragraphs 1-27.

29.     Based on the above-stated conduct, OpinionLab is informed and believes, and on that basis avers, that LodSys contends that use of the OpinionLab Online User Feedback Technology infringes one or more claims of the '565 patent. Accordingly, an actual case in controversy exists that is sufficiently immediate, concrete, and definite between OpinionLab and LodSys as to whether OpinionLab and its customers have infringed, or are infringing the

'565 patent; have contributed to infringement, or are contributing to infringement of the '565 patent; and have induced infringement, or are inducing infringement of the '565 patent.

30.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., OpinionLab is entitled to a declaration, in the form of a judgment, that by their activities OpinionLab and its customers have not infringed and are not infringing any valid and enforceable claim of the '565 patent; have not contributed to infringement and are not contributing to infringement of any valid and enforceable claim of the '565 patent; and have not induced infringement and are not inducing infringement of any valid and enforceable claim of the '565 patent. Such a determination and declaration is necessary and appropriate at this time

## FIFTH CLAIM FOR RELIEF

*Declaratory Judgment of Invalidity of the '908 patent*

31.     OpinionLab realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-30.

32.     Based on the above-stated conduct, OpinionLab is informed and believes, and on that basis avers, that Lodsys contends that OpinionLab and its customers infringe one or more claims of the '908 patent.  OpinionLab denies that it or its customers infringes any valid and enforceable claim of the '908 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.  Accordingly, an actual case in controversy exists that is sufficiently immediate, concrete, and definite between OpinionLab and Lodsys as to whether OpinionLab has infringed, or is infringing the '908 patent.

33.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28

U.S.C. § 2201 et seq., OpinionLab is entitled to a declaration, in the form of a judgment, that the '908 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## SIXTH CLAIM FOR RELIEF

*Declaratory Judgment of Invalidity of the '834 patent*

34.     OpinionLab realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-33.

35.     Based on the above-stated conduct, OpinionLab is informed and believes, and on that basis avers, that LodSys contends that OpinionLab and its customers infringe one or more claims of the '834 patent. OpinionLab denies that it or its customers infringe any valid and enforceable claim of the '834 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112. Accordingly, an actual case in controversy exists that is sufficiently immediate, concrete, and definite between OpinionLab and LodSys as to whether OpinionLab has infringed, or is infringing the '834 patent.

36.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., OpinionLab is entitled to a declaration, in the form of a judgment, that the '834 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## SEVENTH CLAIM FOR RELIEF

*Declaratory Judgment of Invalidity of the '078 patent*

37.     OpinionLab realleges and incorporates herein by reference each allegation and factual

averment contained in paragraphs 1-36.

38.     Based on the above-stated conduct, OpinionLab is informed and believes, and on that basis avers, that LodSys contends that OpinionLab and its customers infringe one or more claims of the '078 patent.  OpinionLab denies that it and its customers infringe any valid and enforceable claim of the '078 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.  Accordingly, an actual case in controversy exists that is sufficiently immediate, concrete, and definite between OpinionLab and LodSys as to whether OpinionLab has infringed, or is infringing the '078 patent.

39.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., OpinionLab is entitled to a declaration, in the form of a judgment, that the '078 patent is invalid.  Such a determination and declaration is necessary and appropriate at this time.

## EIGHTH CLAIM FOR RELIEF

*Declaratory Judgment of Invalidity of the '565 patent*

40.     OpinionLab realleges and incorporates herein by reference each allegation and factual averment contained in paragraphs 1-39.

41.     Based on the above-stated conduct, OpinionLab is informed and believes, and on that basis avers, that LodSys contends that OpinionLab and its customers infringe one or more claims of the '565 patent.  OpinionLab denies that it and its customers infringes any valid and enforceable claim of the '565 patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements

for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112. Accordingly, an actual case in controversy exists that is sufficiently immediate, concrete, and definite between OpinionLab and LodSys as to whether OpinionLab has infringed, or is infringing the '565 patent.

42.     The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., OpinionLab is entitled to a declaration, in the form of a judgment, that the '565 patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## NINTH CLAIM FOR RELIEF

*Violation of 15 U.S.C. § 1125(a) of the Federal Lanham Act*

43.     OpinionLab realleges and incorporates herein by reference each allegation and factual averment contained in paragraphs 1-42.

44.     Based on the above conduct, OpinionLab is informed and believes, and on that basis avers, that LodSys has made and continues to make allegations of patent infringement in bad faith that LodSys knew, or should have known after reasonable inquiry and due diligence, were unfounded, not supportable, and wholly improper.

45.     These allegations of infringement were made and continue to be made against OpinionLab's customers in the marketplace and in an effort to exert pressure on OpinionLab to pay licensing fees to LodSys regarding the Patents-In-Suit. LodSys made and continues to make these improper allegations in bad faith because LodSys knows, or should reasonably know, that the allegations have no basis, yet have the capacity to inflict significant harm and damage to OpinionLab and its goodwill, reputation, and standing in the business community in this judicial district and beyond.

46.     LodSys' inherently unreasonable, improper, and bad-faith allegations of patent infringement are likely to cause confusion, deception, and mistake in the marketplace, including in this judicial district, in violation of the Lanham Act.

### TENTH CLAIM FOR RELIEF

*Violation of Illinois Common Law of Unfair Competition*

47.     OpinionLab realleges and incorporates herein by reference each allegation and factual averment contained in paragraphs 1-46.

48.     Based on the above conduct, OpinionLab is informed and believes, and on that basis avers, that LodSys has made and continues to make allegations of patent infringement in bad faith that LodSys knew, or should have known after reasonable inquiry and due diligence, were unfounded, not supportable, and wholly improper.

49.     These allegations of infringement were made and continue to be made against OpinionLab's customers in the marketplace and in an effort to exert pressure on OpinionLab to pay licensing fees to LodSys regarding the Patents-In-Suit.  LodSys made and continues to make these improper allegations in bad faith because LodSys knows, or should know, that the allegations have no basis, yet have the capacity to inflict significant harm and damage to OpinionLab, its goodwill, reputation, and standing in the business community in this judicial district and beyond.

50.     LodSys' inherently unreasonable, improper, and bad-faith allegations of patent infringement are likely to cause confusion, deception, and mistake in the marketplace, including in this judicial district, in violation of the Illinois Common Law on Unfair Competition.

### ELEVENTH CLAIM FOR RELIEF

*Tortious Interference with Business Expectancy*

51.     OpinionLab realleges and incorporates herein by reference each allegation and factual averment contained in paragraphs 1-50.

52.     For over a decade OpinionLab has been providing its Online User Feedback Technology and other products and services to businesses and has developed extensive goodwill and recognition in the process.  Due to OpinionLab's efforts it has a valid business expectancy in attracting additional customers, licensees, and investors, and retaining existing customers, licensees, and investors.

53.     Lodsys is aware of OpinionLab's business reputation and business expectancy. Nonetheless, Lodsys is intentionally attempting to interfere with that expectancy by improperly and without a reasonable basis alleging that OpinionLab's customers infringe the Patents-In-Suit. Lodsys's conduct in this regard has damages and is damaging OpinionLab's continued and future business expectancy, including the unwillingness of potential investors to invest in OpinionLab, and will continue to do so until such time that LodSys is enjoined and restrained from making further such infringement claims against OpinionLab and/or its customers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff OpinionLab prays for a judgment as follows:

1.      For a declaration that its products and services, including the OpinionLab Online User Feedback Technology, do not infringe any valid claim of the '908 patent;

2.      For a declaration that assertions of infringement of the '908 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

3.      For a declaration that the claims of the '908 patent are invalid and unenforceable under

one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

4.      For a declaration that its products and services, including the OpinionLab Online User Feedback Technology, do not infringe any valid claim of the '834 patent;

5.      For a declaration that assertions of infringement of the '834 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

5.      For a declaration that the claims of the '834 patent are invalid and unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

6.      For a declaration that its products and services, including the OpinionLab Online User Feedback Technology, do not infringe any valid claim of the '078 patent;

7.      For a declaration that assertions of infringement of the '078 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

8.      For a declaration that the claims of the '078 patent are invalid and unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

9.      For a declaration that its products and services, including the OpinionLab Online User Feedback Technology, do not infringe any valid claim of the '565 patent;

10.     For a declaration that assertions of infringement of the '565 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

11.     For a declaration that the claims of the '565 patent are invalid and unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

12.     For a determination that LodSys's conduct as detailed herein violates the Federal Lanham Act;

13.     For a preliminary and permanent injunction enjoining and restraining Lodsys and its respective officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them:

(a)     from making any claims to any person or entity that any product or services of OpinionLab infringes the '908 patent, the '834 patent, the '078 patent and/or the '565 patent;

(b)     from interfering with, or threatening to interfere with the manufacture, sale, or use of any of OpinionLab's products and services, including its Online User Feedback Technology, by OpinionLab, its customers, distributors, predecessors, successors or assigns; and

(c)     from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of OpinionLab, its customers, distributors, predecessors, successors or assigns, to make, use or sell products and services which allegedly infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent.

14.     For an award to OpinionLab of its reasonable attorneys' fees and costs of suit incurred herein; and

15.     For such other and further relief as the Court may deem proper

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

Respectfully submitted,

OPINIONLAB, INC.

Dated: June 13, 2011                    _____/s/  Alan L. Barry_____

Alan L. Barry (alan.barry@klgates.com)
Christopher J. Fahy (christopher.fahy@klgates.com)
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois  60602
(312) 372-1121

*Attorneys for Plaintiff OpinionLab, Inc.*